UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-09147-RGK-SK | Date | December 20, 2022 |
|---|---|---|---|
| Title | *William A. Jones, et al v. Ford Motor Company, et al.* | | |

cc: Superior Court of CA County of Los Angeles, 22GDCV00660

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**          **(IN CHAMBERS) Order Re: Order Remanding Action to State Court**

On October 4, 2022, William A. Jones and Demetris R. Jones ("Plaintiffs") filed a Complaint against Ford Motor Company ("Defendant") alleging breaches of express and implied warranties pursuant to the Song-Beverly Warranty Act. On July 28, 2022, Defendant removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of establishing that the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014).

In the complaint, Plaintiff seeks damages, including compensatory damages, restitution, rescission of the purchase contract, statutory remedies, and attorneys' fees and costs under the Song-Beverly Warranty Act. In support of its removal, Defendant alleges that the purchase price of the vehicle was $50,824.00 and that Plaintiffs' actual damages are $41,140.08. Including civil penalties (i.e, two times actual damages), Defendant argues that the amount in controversy is $123,447.24 (before considering attorneys' fees). Defendant also notes that Plaintiffs' attorneys regularly seek large amounts of fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-09147-RGK-SK | Date | December 20, 2022 |
|---|---|---|---|
| Title | *William A. Jones, et al v. Ford Motor Company, et al.* | | |

From the face of Defendant's Notice of Removal, Plaintiffs' actual damages are not close to the jurisdictional threshold of $75,000. And any potential civil penalties and attorneys' fees are speculative. As to civil penalties, while authorized under the Song-Beverly Act, Ford has not alleged sufficient facts supporting such an award. As to attorneys' fees, district courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co. Of Reading, Pa.*, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over time depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209, at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are also too speculative to include in the amount in controversy.

Therefore, the Court finds that Defendant has not plausibly alleged that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **REMANDS** this action to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer        JRE/a